145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In Re: RIVER PROCESSING, INC., Debtor,
U.S. Bank of Washington, a National Banking Association, Appellant,
v.
Vannoy Culpepper, Trustee, Appellee.
 No. 97-35360.
D.C. No. CV-96-3056-AAM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1998.
Decided May 22, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington, Alan A. McDonald, District Judge, Presiding.
 Before THOMPSON and TASHIMA Circuit Judges, and STAGG, District Judge.**
 MEMORANDUM*
 U.S. Bank of Washington (U.S.Bank) is the holder of an allowed secured claim in liquidated assets (Fund # 1) of debtor River Processing, Inc. U.S. Bank appeals from the district court's affirmance of the bankruptcy court's surcharge, on Fund # 1. The surcharge was to recover fees awarded to VanNoy Culpepper, trustee and attorney for the trustee. Culpepper's fees resulted from his collection, preservation and administration of the fund as well as litigation to determine the validity and priority of claims against the fund.
 The bankruptcy court concluded the fees could be charged against Fund # 1 pursuant to the Bankruptcy Code or alternatively, according to "common fund" rules which allow a common fund to be charged with the expenses of gathering and maintaining a fund for the benefit of others.
 A. Bankruptcy Code
 1. Section 330
 U.S. Bank contends Culpepper should not have been awarded fees under the Bankruptcy Code because he did not make a proper fee application pursuant to 11 U.S.C. § 330. We disagree. Subject to 11 U.S.C. §§ 326 and 328 and, "[a]fter notice to the parties in interest and a hearing," a trustee or a professional employed by the trustee can seek "reasonable compensation for actual, necessary services" and "actual, necessary expenses." 11 U.S.C. § 330(a)(1). These requirements were met.
 The required notice was provided by the Trustee's Notice of Intention to File Final Report, filed in the bankruptcy court on December 21, 1995 and distributed to interested parties. In response to U.S. Bank's objection, a hearing was held on February 5, 1996 and the oral findings made then were incorporated into the bankruptcy court's Supplemental Findings and Order Allowing Trustee's Administrative Expenses, filed March 3, 1996. The bankruptcy court specifically found:
 The trustee's fees and attorney for trustee's fees were reasonable, necessary, and of quantifiable benefit to U.S. Bank. The quantifiable benefit to U.S. Bank was the creation, preservation, and disposition of the entire Fund # 1 (previously PACA funds).
 (ER 39). U.S. Bank does not challenge the findings of necessity or reasonableness nor has there been any suggestion that fees were requested for services not actually performed.
 The trustee fees were also within the limits imposed by 11 U.S.C. § 326. According to the Trustee's Notice, Fund # 1 contained $174,347 .46 available for disbursement to U.S. Bank. Based on this figure, the cap on trustee fees would be $5,410.42.[1] See 11 U.S.C. § 326(a) (1993). The $5,210.25 in fees awarded by the court are within the section 326 limitations.
 Pursuant to 11 U.S.C. § 328, the trustee distinguished which services he performed as trustee and which he performed as attorney for the trustee. The Trustee's Notice contains a detailed list of charges with notations which clearly indicate those charges assessed as trustee fees and those billed as attorney fees. The bankruptcy court agreed with the division of services, awarding $5,210.25 as trustee fees and $25,168.39 as attorney fees to be paid out of the former PACA fund (now Fund # 1). The bankruptcy court made the award after considering the entire bankruptcy case. Its division of fees was not clearly erroneous.
 The requirements of 11 U.S.C. § 330 were satisfied. The bankruptcy court did not err in its determination of the amount of trustee and attorney fees.
 2. Section 506(c)
 U.S. Bank next contends that even if the amount of fees was proper under 11 U.S.C. § 330, the bankruptcy court erred by charging those fees against Fund # 1 which was subject to U.S. Bank's security interest.
 Although property subject to an allowed security interest is not normally charged with fees for administration of the estate, an exception is made for the "reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). The benefit to the holder of the security interest must be, clear, direct and quantifiable. In re James E. O'Connell Co., (9th Cir.1990).
 As quoted above, the bankruptcy court concluded, "The quantifiable benefit to U.S. Bank was the creation, preservation, and disposition of the entire Fund # 1." To the extent that the trustee or the attorney for the trustee provided services in gathering, preserving, maintaining and liquidating the assets resulting in Fund # 1, we agree that U.S. Bank benefitted.
 However, not all of the trustee's actions, or those of his attorney, benefitted U.S. Bank. At the bankruptcy court's direction, the trustee instituted an interpleader action to determine the validity and priority of numerous claims against the accumulated funds. U.S. Bank participated in the interpleader action, presenting its own claim as a secured creditor. The trustee and his attorney often took positions at odds with U.S. Bank. Although U.S. Bank eventually prevailed, it received no benefit from having to oppose actions of the trustee and his attorney. The bankruptcy court erred to the extent it charged Fund # 1 fees for services provided to the estate in which the trustee or his attorney advocated positions contrary to U.S. Bank.
 B. COMMON FUND THEORY
 The bankruptcy court also predicated its surcharge of fees against Fund # 1 on a common fund theory. Under this theory, one who gathers and preserves a fund for the benefit of others may recover his costs for doing so out of the fund. See In re Milton Poulos, Inc., 947 F.2d 1351 (9th Cir.1991). Common fund rules have been applied to funds which were not part of the bankruptcy estate such as trust funds under the Perishable Agriculture Commodities Act (PACA), 7 U.S.C. § 499a et seq. See id.; and In re Southland + Keystone, 132 B.R. 632, 643 (9th Cir.BAP1991). Here, however, once the district court determined that Fund # 1 was not subject to a PACA trust, that Fund reverted to the bankruptcy estate, subject to U.S. Bank's allowed security interest. As part of the bankruptcy estate, the bankruptcy court was then obligated to distribute Fund # 1 pursuant to the Bankruptcy Code, see 11 U.S.C. §§ 506, 725, and common fund rules became inapplicable.[2]
 CONCLUSION
 The bankruptcy court correctly concluded that the trustee had complied with 11 U.S.C. § 330 in his application for trustee and attorney fees. However, the bankruptcy court erred in charging Fund # 1 with such part of those fees as were incurred by the trustee and his attorney in opposing U.S. Bank, the holder of an allowed secured claim in Fund # 1. Such services did not directly and quantifiably benefit U.S. Bank. Also, because Fund # 1 was property of the bankruptcy estate, the bankruptcy court erred to the extent it applied common fund rules to surcharge Fund # 1 for trustee and attorney fees.
 The bankruptcy court's order surcharging trustee and attorney fees against Fund # 1 is vacated. This case is remanded to the district court for remand to the bankruptcy court with instructions to exclude from the fees surcharged against Fund # 1 those fees which were incurred by the trustee and attorney in advocating positions contrary to the interests of U.S. Bank.
 The parties shall bear their own respective costs for this appeal.
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fifteen percent of the first $1000.00 equals $150.00. Six percent of the funds between $1000 and $3000 equals $120.00. And three percent of the $171,347.46 over the first $3,000 equals $5,140 .42. $150.00 plus $120.00 plus $5,140.42 equals $5,410.42. The trustee suggests in his brief that the cap should be $5,906.08 but does not provide the base figures for his calculations. In either event the fees awarded were below the cap
 
 
 [2]
 The district court erred when it affirmed the bankruptcy court on the theory that "Culpepper's fees were earned at the Bankruptcy Court level and judged by his victory in the Bankruptcy Court." (Excerpts of Record at 244 (district court Memorandum Opinion, p. 10, quoting from it's earlier Order Denying Rehearing)). Contrary to the district court's analysis, an award of attorney fees based on victory at trial will be vacated if that victory is overturned on appeal. See, e.g., Scott-Harris v. City of Fall River, 134 F.3d 427, 443 (1st Cir.1997) rev'd on other grounds sub nom., Bogan v. Scott-Harris, --- U.S. ----, 118 S.Ct. 966, --- L.Ed.2d ---- (1998) (regarding civil rights attorney fees pursuant to 42 U.S.C. § 1988, "if a plaintiff succeeds in the trial court but the judgment she obtains is reversed on appeal, she is no longer entitled to a fee award.")